UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY BERNARD SMITH | : |
| | : PRISONER CASE NO. |
| v. | : 3:06-cv-691 (JCH) |
| | : |
| SIEMINSKI | : AUGUST 16, 2006 |

**RULING RE AMENDED PETITION
FOR WRIT OF HABEAS CORPUS [Doc. No. 5]**

The petitioner, Gregory Bernard Smith ("Smith"), an inmate confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He was convicted after a jury trial on charges of robbery in the first degree and attempted robbery in the first degree. He also was convicted as a persistent felony offender  On June 16, 2003, Smith was sentenced to a term of imprisonment of ten years to run consecutive to a twenty year sentence. For the reasons that follow, the petition is dismissed without prejudice.

**I.   STANDARD OF REVIEW**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1984); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts,

but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." See O'Sullivan, 526 U.S. at 845.

The Second Circuit requires the district court to conduct a two-part review. First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). In other words, "[t]he claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition." Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted). Second, he must have "utilized all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)).

## II.   DISCUSSION

Failure to exhaust state court remedies usually is raised in a motion to dismiss the petition. However, the court may raise failure to exhaust state court remedies sua sponte when petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition. See Granberry v. Greer, 481 U.S. 129, 133 (1987) (holding that a circuit court may raise sua sponte a habeas petitioner's failure to exhaust state remedies); Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998) (noting

2

that federal court can raise failure to exhaust sua sponte); Clary v. Strange, No. 3:06cv5(SRU), 2006 WL 322471, at *1 (D. Conn. Feb. 9, 2006) (dismissing federal habeas petition sua sponte because failure to exhaust state court remedies was apparent from the face of the petition).

Smith includes three grounds for relief in his petition: (1) Smith was not notified that he was being charged as a persistent felony offender; (2) the trial court permitted incriminating evidence supporting one charge to be used in support of the other charge; and (3) Smith was not aware of the proceedings against him regarding the persistent felony offender charge. He states that he raised the first ground on direct appeal (See Am. Pet. at 9.) He does not indicate whether he raised the second ground. (See Am. Pet. at 11.) However, Smith specifically states that he did not raise the third ground on direct appeal. (See Am. Pet. at 13.) Smith also states that he did not file a petition for writ of habeas corpus in state court. (See Am. Pet. at 5.) Thus, the court concludes that Smith has not exhausted his state court remedies with regard to all three grounds for relief contained in this petition.

The United States Court of Appeals for the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'") (quoting Freeman v. Page, 208 F.3d 872, 877 (7th Cir. 2000).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended §2244(d)(1) to now impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

The Connecticut Supreme Court denied Smith's petition for certification on May 17, 2005. His conviction became final on August 15, 2005, at the expiration of the time within which he could have filed a petition for certiorari in the United States Supreme Court.. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (holding in case where petitioner had appealed to state highest court, direct appeal also included filing petition for writ of certiorari to Supreme Court or the expiration of time within which to file

petition), cert. denied, 534 U.S. 924 (2001). The limitations period commenced on the following day and will expire on August 15, 2006.

If the court were to require Smith to refile another habeas action after he finishes exhausting his state court remedies with regard to all claims included in this petition, he might be time-barred from pursuing an action in federal court. Accordingly, the court will dismiss this action without prejudice to reopening. Smith may file a motion to reopen this action after he has exhausted his state court remedies with regard to each ground for relief.

### III.   CONCLUSION

The amended petition for writ of habeas corpus [**Doc. No. 5**] is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. Smith may file a motion to reopen this case after he has exhausted his state court remedies for each claim included in his federal petition. Smith must file his motion within 60 days of exhausting such remedies, and with citations to, or copies of, state court rulings evidencing such exhaustion.

The Supreme Court has held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In addition, the Court stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to

dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.  This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that Smith has exhausted his state court remedies. Accordingly, a certificate of appealability will not issue.  The Clerk is directed to close this case.

**SO ORDERED.**

      Dated this 16th day of August, 2006, at Bridgeport, Connecticut.


                         /s/ Janet C. Hall
                         Janet C. Hall
                         United States District Judge